## CADWALADER *v.* PARTRIDGE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF PENNSYLVANIA.

No. 311. Submitted November 25, 1890. — Decided December 22, 1890.

*Merritt* v. *Cameron, ante*, 542, affirmed and followed.

A change in the ruling of the Treasury Department whereby merchandise in bond, such as is involved in this case, is held dutiable at a greatly reduced rate, is of no aid to an importer who has not protested against the previous ruling.

THIS was an action against the collector of the port of Philadelphia to recover duties alleged to have been illegally exacted. Judgment for the plaintiffs, to review which the defendant sued out this writ of error. The case is stated in the opinion.

*Mr. Solicitor General* for plaintiff in error.

*Mr. Frank P. Prichard* for defendants in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

This was an action at law by Artemus Partridge and Thomas D. Richardson, trading as Partridge & Richardson, against John Cadwalader, collector of customs for the District of Philadelphia, to recover back certain alleged illegal and excessive duties exacted on merchandise imported at that port by them.

The only defence set up by the collector was, that the protest of the importers against the assessment of the duties was not filed with him within ten days from the ascertainment and liquidation of them, as required by section 2931 of the Revised Statutes.

The case was tried by the court and a jury, which returned a special verdict, substantially as follows: On June 28, and July 22, 1886, the plaintiffs, who were merchants in Philadel-

phia, imported into that port three cases of buttons, which were duly entered for warehouse, in bond, the proper bonds being given on each entry. On the 27th of July, and the 14th of August, 1886, respectively, the collector liquidated the duties on the entries, at the sum of $139.50, being at the rate of 45 per cent ad valorem as brass buttons, under section 6 of the act of March 3, 1883, which rate was in accordance with the instructions of the Treasury Department then in force. No protests were made by the plaintiffs against these liquidations, and no appeal was taken from those decisions of the collector. On November 6, December 4 and December 8, 1886, the plaintiffs withdrew the buttons from the warehouse for consumption. In the meantime, the Treasury Department had decided that the proper rate of duties on buttons of the character of those imported was but 25 per cent ad valorem, as buttons not specially enumerated or provided for. When the buttons were withdrawn from the warehouse for consumption, at the dates aforesaid, the plaintiffs were compelled to pay the duty as assessed and liquidated by the collector, to wit, $139.50. Within ten days from the date of such withdrawals, the plaintiffs protested against that exaction of duty, and afterwards appealed to the Secretary of the Treasury, who, on February 25, 1887, affirmed the collector's decision. This suit was brought on March 15, 1887. The amount of the duty exacted, over and above the amount claimed by the plaintiffs to be due, was $62.

The verdict concludes as follows : "And the said jurors say that they are ignorant, in point of law, on which side they ought, upon the facts, to find the issue; but that if the court should be of opinion that plaintiffs were obliged to protest against the liquidation made at the time of the entry of the goods for warehouse, in order to take advantage of the illegality of the exaction of the duties at the time of the entry for consumption, and application to withdraw from the warehouse, then they find for defendant; but that if the court should be of opinion that plaintiff's protest, made within ten days of the defendant's refusal to allow the goods to be withdrawn from the warehouse, except upon payment of the duties

in accordance with the liquidation made at the time of entry for warehouse, was in time, then they find for the plaintiffs in the sum of $62, with interest from December 8, 1886." On this verdict the Circuit Court, on the 28th of October, 1887, entered a judgment for $62 in favor of the plaintiffs, and the collector thereupon sued out this writ of error.

This case is similar in all essential features to *Merritt v. Cameron, ante,* 542, just decided, except that the proceedings in the custom-house in this case took place after May 2, 1885, when the Treasury Department adopted the rule that protests should be filed within ten days after the ascertainment and liquidation of the duties; and we are not confronted, therefore, with a Treasury ruling at variance with the construction we have put upon section 2931 of the Revised Statutes. The protests in this case, as appears from the facts above set forth, were too late, and the decision of the collector upon the ascertainment and liquidation of the duties thus became final.

We do not think the change in the ruling of the Treasury Department, whereby merchandise such as is involved in this case was held dutiable at a greatly reduced rate, makes any material difference between this case and *Merritt v. Cameron.* On this point we are inclined to adopt the view of the Solicitor General that a decision by the Secretary, or by a court, reversing a previous erroneous ruling of the Department, is of no aid to an importer who has not duly protested against a similar ruling with respect to another importation.

*The judgment of the Circuit Court is reversed, and the case is remanded to that court, with a direction to set aside the verdict and grant a new trial.*